# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THORSTEN GUNTER RUSHING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-394-D |
| ) | |
| KAMERON HAVERNEK, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 10]. Judge Mitchell recommends that the Court deny Thorsten Gunter Rushing's petition for habeas relief [Doc. No. 1]. Petitioner filed a timely objection [Doc. No. 11].

## STANDARD OF DECISION

The Court must review de novo any part of a magistrate judge's report and recommendation to which a proper objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Upon the exercise of such review, the Court may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See id.* The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires district courts to apply a "difficult to meet and highly deferential standard" in federal habeas proceedings under 28 U.S.C. § 2254. *Newmiller v. Raemisch*, 877 F.3d 1178, 1194 (10th Cir. 2017). This standard "demands that state-court

decisions be given the benefit of the doubt." *See id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A petitioner is entitled to federal habeas relief under § 2254 only if the state court's merit-based decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).[1]

A state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from that precedent." *Newmiller*, 877 F.3d at 1194 (quoting *Williams v. Taylor*, 529 U.S. 405, 406 (2000) (paraphrasing omitted)). A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Newmiller*, 877 F.3d at 1194 (quoting *Williams*, 529 U.S. at 407-08). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *See id.* at 1195 (quoting Williams, 529 U.S. at 410). Thus, federal habeas relief may not be granted simply because the district

---

[1] "Section 2254(d)(1)'s reference to clearly established Federal law, as determined by the Supreme Court of the United States refers to the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision. Federal courts may not extract clearly established law from the general legal principles developed in factually distinct contexts, and Supreme Court holdings must be construed narrowly and consist only of something akin to on-point holdings." *Newmiller*, 877 F.3d at 1194 (internal quotation marks, citations, and paraphrasing omitted).

court concludes that the state court's decision erroneously or incorrectly applied clearly established federal law—the application must also be unreasonable." *See id.*

Even where the state court does not explain its decision, a petitioner must still show that "there was no reasonable basis for the state court to deny relief." *See id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)). A court "must determine what arguments or theories supported or . . . could have supported[ ] the state court's decision." *See id.* (quoting *Harrington*, 562 U.S. at 102). The court must then ask "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *See id.* (quoting *Harrington*, 562 U.S. at 101). Consequently, a strong case for habeas relief does not necessarily mean the state court's conclusion was unreasonable. *See id.*

Lastly, the Supreme Court has also stated § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Newmiller*, 877 F.3d at 1195 (quoting *Harrington*, 562 U.S. at 102-03). "Thus, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *See id.* (quoting *Harrington*, 562 U.S. at 103). "If [it seems like] this standard is difficult to meet, that is because it was meant to be." *See id.* (quoting *Harrington*, 562 U.S. at 102) (paraphrasing in original). "At all times, '[t]he petitioner carries the burden of proof.'" *See id.* (quoting *Pinholster*, 563 U.S. at 181).

## BACKGROUND

Petitioner was convicted in 2016 by a Comanche County, Oklahoma jury of conspiracy to commit murder and two counts of first-degree murder for the killing of his father and brother. Petitioner was sentenced to 10 years imprisonment on the conspiracy count and to life imprisonment without the possibility of parole on both murder counts. Petitioner filed a direct appeal of his convictions, asserting four claims on appeal—none of which are included in his habeas petition. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions in 2019.

Petitioner then filed an application for post-conviction relief to the state district court, asserting four grounds for relief: (1) the trial court denied his due process rights by allowing a coerced statement of a co-conspirator to be admitted at trial; (2) his trial counsel was ineffective by failing to present a complete defense; (3) the trial court denied his due process rights by admitting gruesome photographic evidence; and (4) his appellate counsel was ineffective by failing to present his first three arguments on direct appeal. The Comanche County District Court denied Petitioner's first three claims because they could have been raised on direct appeal; the court denied the fourth claim on its merits.

Petitioner appealed the district court's decision to the OCCA, raising the same four claims. The court did not address Petitioner's first three claims apart from the fourth claim of ineffective assistance of appellate counsel. Ultimately, the OCCA affirmed the district court's denial of post-conviction relief. Petitioner, then, filed this habeas action, which includes the same claims he asserted in his state court applications for post-conviction relief.

# DISCUSSION

Petitioner, seeking a writ of habeas corpus under 28 U.S.C. § 2254, raised four grounds for relief.

> Ground One: Petitioner's Due Process Rights Under Fourteenth Amendment were violated by admission of coerced statement by co-conspirator at trial[;].
>
> Ground Two: Petitioner was denied effective assistance of Trial Counsel when counsel failed to present a complete defense[;]
>
> Ground Three: Petitioner's Due Process rights were violated by the admission of gruesome photographic evidence[; and]
>
> Ground Four: Petitioner was denied effective assistance of appellate counsel for failing to raise the above three propositions for relief.

[Doc. No. 1 at pp. 5-10].

Judge Mitchell recommends the Court (1) deny on the merits the exhausted portion of Ground Four, (2) find Ground One, Ground Two, and the exhausted portions of Ground Three procedurally barred, and (3) deny the unexhausted portions of Grounds Three and Four. Petitioner objects to the first two recommendations. The Court will take each in turn.

## I.  The Court agrees with Judge Mitchell's recommendation on Ground Four

Petitioner contends his appellate counsel was ineffective in failing to raise three claims of ineffective assistance of trial counsel. Petitioner argued—first to the OCCA, then to this Court—that his appellate counsel should have contended Petitioner's trial counsel was ineffective by failing to challenge the admissibility of co-conspirator's statements Petitioner asserts were coerced, failing to present a defense, and choosing not to call any witnesses. Petitioner, further, asserts his appellate counsel was ineffective in failing to raise the claim that the admission of crime scene photos violated Petitioner's Due Process rights.

5

Finding no support for these claims in the record before it, the OCCA found Petitioner's claims to be without merit.

Under clearly established law, a successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show his counsel's performance was deficient in that it "fell below an objective standard of reasonableness." *See id.* at 688. Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense. *See id.* at 687. This means that "[u]nder *Strickland*, [a court must] first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then [it asks] whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hinton v. Alabama*, 571 U.S. 263, 272 (2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). *Strickland* mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Strickland*, 466 U.S. at 689.

Coupled with the AEDPA's standard of review, "[s]urmounting *Strickland's* high bar is never an easy task," and "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Sedillo v. Hatch*, 445 F. App'x. 95, 98 (10th Cir. 2011) (unpublished) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

The Court finds the OCCA's decision to deny Petitioner's ineffective assistance of counsel claims did not violate clearly established federal law. As indicated above, the

6

question "is not whether a federal court believes the state court's determination" under *Strickland* "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). And because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012).

In his state court post-conviction applications, Petitioner failed to provide evidentiary support for his allegations of ineffective assistance of appellate counsel. The OCCA made a merits determination that, without evidentiary support, his ineffective assistance claims could not meet the *Strickland* standard. The Court agrees with Judge Mitchell and concludes that the OCCA's decision was not an unreasonable application of clearly established law. Therefore, the exhausted portions of Ground Four are denied.

**II.    The Court agrees with Judge Mitchell's recommendation on Ground One, Ground Two, and the exhausted portions of Ground Three**

Petitioner's Grounds One, Two, and Three are the underlying claims he asserts his appellate counsel unreasonably failed to raise on direct appeal. Petitioner raised these grounds for the first time in his post-conviction applications to the state district court, which found that these claims were procedurally barred because Petitioner failed to assert them on direct appeal. The OCCA then addressed these grounds only in its discussion of Petitioner's ineffective assistance claim.

Judge Mitchell recommends the Court find these claims procedurally barred because the state district court found Petitioner waived the claims by failing to assert them on direct appeal. Procedural default is an independent state ground that bars this Court's consideration of those matters unless cause to excuse the default is shown. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) (finding that "[a] claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration").

Petitioner argues the failure of his counsel on direct appeal to raise Grounds One, Two, and Three is cause to excuse the procedural default. Although "[a] showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default," *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002), as discussed above, Petitioner failed to make the required showing under *Strickland*.

Petitioner further failed to show the procedural bar should be excused to avoid a fundamental miscarriage of justice. A fundamental miscarriage of justice will excuse a procedural default only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496, (1986). This requires a Petitioner to "supplement his habeas claim with a colorable showing of factual innocence." *Sherrill v. Hargett*, 184 F.3d 1172, 1175 n.2 (10th Cir. 1999) (quoting *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997)). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (explaining that a showing of "actual innocence" requires that "in light of the new evidence" "no reasonable juror would have found the defendant guilty").

Judge Mitchell found Petitioner did not show a fundamental miscarriage of justice because he did not present any new evidence of his innocence. In his objection to the Report

and Recommendation, Petitioner argues the failure of his counsel on direct appeal to raise claims regarding the deficiencies of his trial counsel's defense constitutes a fundamental miscarriage of justice. Petitioner does not advance an argument in his objection or provide any evidence that he is actually innocent. Therefore, he has not shown a fundamental miscarriage of justice that would excuse the procedural bar for these claims. Accordingly, the Court agrees with Judge Mitchell's recommendation that Ground One, Ground Two, and the exhausted portions of Ground Three are procedurally barred. They are thus denied.

### III. The Court agrees with Judge Mitchell's recommendation on the unexhausted portions of Ground Three and Ground Four

Judge Mitchell recommends the Court deny the remaining unexhausted claims under the doctrine of anticipatory procedural default because they would be procedurally barred if Petitioner returned to state court to exhaust them. Petitioner states no objection to this recommendation. Having carefully reviewed the Report and Recommendation and the case record, the Court finds Judge Mitchell appropriately concluded that Petitioner raises arguments in his Petition not previously presented to state courts in his direct appeal or in his initial post-conviction application and appeal. They are, therefore, unexhausted, and must be denied.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation [Doc. No. 10] is **ADOPTED** in its entirety. Petitioner Thorsten Gunter Rushing's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of

appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 31st day of March, 2022.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge